WITHERS, TO USE OF MADDOX, vs. SHROPSHIRE.

1. In an action with an attachment against the husband, the wife cannot appear and file her interpleader at law. If she has any claim to the property attached, it must be asserted in a court of chancery.

### STATEMENT OF THE CASE.

On the 30th March, 1848, William Maddox brought an action of assumpsit, with foreign attachment, against John E. Shropshire. On the same day the writ was levied on a negro as the property of said Shropshire, and a return not found made, as to the defendant.

On the 28th of August, 1848, an appearance was made for Shropshire, by his attorney, Staunton Buckner.

The plaintiff, who caused himself to be garnisheed on the writ of attachment, August 29th, 1848, filed interrogatories against himself, to make himself answer to his own suit, touching his indebtedness, and touching money, goods, chattels and effects in his hands, belonging to John E. Shropshire.

On the 27th of March, 1849, Martha Shropshire, by her next friend, came into court, and by her interpleader claimed the negro that had been attached, as her own property; on which interpleader an issue was made up to be tried. On the same day, John E. Shropshire filed a plea in bar, "defending the demand of the plaintiff."

On the 29th of August, 1849, the cause was tried before the court without a jury; a verdict was rendered for the interpleader, Mrs. Shropshire, and an order made restoring her the negro.

A motion for a new trial, made by the plaintiff, was overruled. A motion to arrest judgment was also made by the plaintiff and overruled.

The bill of exceptions shows:

1st. That John Withers died in 1838.

2d. That by his last will and testament, he devised to his wife certain negroes (of which the negro attached was one,) during the life of his said wife, with power in her at any time during life, to divide said negroes among the five youngest children of the testator. Mrs. Mary With-

ers, the devisee for life, took possession of the negroes devised to her as stated, and held them till a few days before the levying of the attachment in this case, when she made the division contemplated by the will, allotting to Martha Shropshire, the interpleader, the negro in dispute; neither Shropshire nor his wife being present at the division.

Shropshire and wife, at the division, lived in the State of Mississippi, but they were living in Missouri at the time of the decease of John Withers.

3d. A few days after the division mentioned, the slave in dispute was attached in this suit, as the property of John E. Shropshire.

4th. Neither Shropshire nor his wife ever had the actual possession of the negro in dispute; that Shropshire was insolvent and never had exercised any act of ownership over the said negro, in fact declined to do so.

5th. The negro was, at the date of the attachment, in the possession of Wm. E. Maddox, the plaintiff, and had never been out of his possession, from the allotment up to the levy; old Mrs. Withers being at said Maddox's, who was her son-in-law.

The plaintiff asked the following instructions which were refused:

1. "That if the property in dispute was devised by John Withers to Mrs. Shropshire, and set apart for her by her mother, under authority of said will, it is liable to be attached for her husband's debts.

2. Mrs. Shropshire being a married woman, cannot maintain her claim to the property attached in this proceeding.

The plaintiff excepted to the refusal of the court, to instruct, as asked; also excepted to the opinions of the court, in overruling motions for new trial and in arrest of judgment.

The plaintiff, Maddox, appealed from the judgment of the court, rendered on the interpleader.

On the 25th of March, 1851, a judgment was rendered against the defendant, John E. Shropshire, for the sum of $218 37 and $272 damages.

The plaintiff below moved the court to correct the judgment, so as to make the judgment special, as well as general, and to grant an award of execution against the negro in dispute; which motion was overruled, and the plaintiff excepted.

The plaintiff below, then prayed an appeal to the supreme court, and the same was allowed.

JOHN D. DRYDEN, for appellant.

I. At the moment of time that Mrs. Withers allotted to Shropshire or wife the negro in controversy (as she had the power under the will to do,) a present estate in said negro vested in Shropshire, which he could, during the coverture, without the concurrence of the wife, in his own name, sell, release or sue for and recover: Commonwealth vs. Manly, 12 Pick. Rep. 173, 175; Taliaferro &c. vs. Taliaferro &c. 4 Call. Rep. 93; 2 Kent's Com. 155 (side page;) 1 Chitty's Pleadings 74 (side.)

Such property would pass under a general assignment of the defendant in bankruptcy or under the insolvent laws: 2 Kent Com. 138.

II. The choses in action, of the wife, vest absolutely in the husband, subservient only to her right of survivorship, in case he does not convert them or reduce them to possession during the coverture: 2 Kent's Com. 135.

III. Any property of the defendant which can be seized or which is held by another for the defendant, is subject to the writ of attachment: See 9th section of the 1st. article of the attachment law, Rev. Code 1845; also, 4th. sub-division of 12 sec. same article: Lee and others vs. Tabor, 5 Watson, 8 Mo. Rep. 322. The choses in action of the wife, which vest in the de fendant (husband) do not form an exception to this rule: Wheeler vs. Bower, 20th Pick. Rep. 563; Ashbrook vs. Waters, 19 Pick. 354.

IV. The general rule is, that for the injuries done to the wife's personal property after the marriage, the husband must, during the coverture, sue alone: the wife never can, at law, sue alone, in any case; her rights, during coverture, being suspended: 1 Chitty's Pleadings 73-4.

Withers, to use of Maddox, vs. Shropshire.

The cause at bar is a proceeding at law, and the wife, in violation of the rule stated, is permitted to sue by interpleader and recover the property. Furthermore, the recovery by the wife, in this case, involves the absurdity of permitting the wife to sue for the benefit of the husband; for the moment she recovers (at law,) and possesses herself of the action, it vests in the husband and is subject to his creditors. This possession of the wife is the possession of the husband.

V. It is conceded, that the wife has an equitable right to a provision out of her property not yet reduced to the possession of the husband or his assignees: 2 Kent's Com. 139. But this is a right of equitable cognizance, exclusively a right, of which courts of law take no notice: 2 Kent's Com. 139-40-41-42.

GLOVER & CAMPBELL, for respondent.

The respondent, in this case, relies on the general principle of law, that a husband is not entitled to the choses in action of his wife, unless he reduce them into possession. The husband may become the absolute owner of his wife's chattels and choses in action, if he wishes, and will signify his purpose to do so in the way pointed out by the law. But the appellant insists that he can be forced to do so against his will. In this case, he declined to accept the negroes, never claimed them, and never took them into possession. Can his right to do so be questioned? In the absence of proof a presumption might arise in favor of the husband's assent to the devise to the wife, but the contrary is shown, on the face of the record.

Had the husband, in this case, attempted to possess himself of the property, he might have been prevented from doing so: 2 Kent's Com. 139. How then can his creditors appropriate it? Again, had the husband seen fit to take the property into possession, not in his own right, but as trustee for his wife, he would have acquired no interest thereby, of his own: Ibid 138.

A question might arise, how far the right to the property, under the facts in the case, has vested in the wife at all, the husband having declined to accept it, but, it appears to us very plain, that there is no title in the husband.

RYLAND, J., delivered the opinion of the court.

From the foregoing statement, it will be seen, that old Mrs. Withers, to whom, during her life, the negro boy attached in this action, together with others, had been willed by her husband, with power to divide them among her five youngest children, lived with William Maddox, her son-in-law; that the negroes were with her; that a few days before the negro was attached as the property of John E. Shropshire, Mrs. Withers had allotted the boy to her daughter, Martha Shropshire, wife of John E. Shropshire; that at the time of the division of the negroes, Martha Shropshire and her husband were living in Mississippi; that they knew nothing about this division.

Wm. Maddox, for whose use this suit was brought, and who, it seems, made the affidavit in order to get the attachment, was, himself, summoned as garnishee.

It also appears, that Shropshire never had possession of the negro.

This whole proceeding stands before us in an unfavorable light. An old lady, the mother, living with her son-in-law, under the will of her

husband divides the negroes in her possession, at the house of this son-in-law, without notifying her absent daughter, Martha Shropshire, who, in all probability, greatly needed this small assistance, her husband, at the time, being insolvent. In a day or two after this is done, this said son-in-law, Maddox, has the negro, allotted to his wife's sister, seized by the sheriff without that sister's knowing anything of such division, and he, himself, summoned as garnishee!!

During the progress of this suit, the whife of John E. Shropshire, by her next friend, Staunton Buckner, claimed the negro boy thus attached as her property, and was permitted to file her interpleader, setting up said claim. Issue was taken on this interplea, and found for the claimant, and judgment was rendered in her favor.

The plaintiff in the action moved in arrest of this judgment; his motion was overruled and excepted to. The plaintiff also moved the court below to set aside the general judgment which was rendered for the plaintiff in the suit against John E. Shropshire, and to render a special judgment against the negro boy, the property attached. This motion was also overruled and excepted to.

It appears from the record and proceedings below, that the defendant, Shropshire, appeared to the action, by attorney, and filed his plea. It was then proper to render a general judgment; the court properly overruled this last motion.

It is the opinion of this court, that the wife cannot appear and file her interplea in this action at law; that the court below had no authority to prevent such a proceeding; but the claimant should have asserted her right to the negro in the court of chancery. There was, at that time, such a court, and to that jurisdiction she should have resorted.

The court should have arrested the judgment on the interplea, and for failing to do so, its judgment, by the concurrence of the other judges is reversed.